MoIlvaink, J.
The statute in force at the time of Piatt’s death, controlling the distributing of his personal estate, was section 30 of the Administration Act of January 25, 1816 (2 Chase, 933), to wit:
“ That it shall be the duty of the administrator or administrators, after all just debts, funeral and other incidental expenses allowed by the court shall have been fully paid, to set *373 off and assign to the widow of the deceased, if any there be, one-third part of all the remaining balance of the personal estate, by her to be held as her proper estate: Provided, The deceased shall have left any legitimate child or children of his body, but, in case the deceased shall not have left-any legitimate child or children as aforesaid, then in that case the widow shall be entitled to all the balance of. such personal estate as aforesaid,” etc.
Under this statute, upon the death of Piatt, the right to the whole of his personal estate, subject to distribution by his administratrix, .became vested in his widow, plaintiff’s intestate, and at her death, although before distribution made, vested in the distributees of her estate according to the statute in- such case made and provided, Conger v. Barker, 11 Ohio St. 1. Upon this state of the law, and the facts essential to its application, it is quite clear that the plaintiff is interested in an order of distribution relating to the personal estate of John H. Piatt, deceased.
It is claimed, however, that the heirs of Piatt, the defendants, are entitled to be subrogated to the rights of creditors whose claims against the estate were paid from the proceeds of real estate sold by the administrators, or to be reimbursed for the loss of the real estate so sold, from the personal estate now ordered to be distributed by the probate court. Let it be granted for the purpose of this case. The plaintiff is not thereby deprived of an interest in the order of distribution. Surely, he is entitled to an account with the heirs, and to any balance that may remain for distribution.
But the principal contention, on the part of defendants, is that the plaintiff is excluded from any interest in the order of distribirtion by the very terms of the order which stands as an adjudication against the plaintiff and is in full force.
The point made is, that, by the terms of the order, distribution is to be made “ to the next of kin and representatives of said intestate,” which description of distributees include defendants and exclude the plaintiff.
True, a doubt might naturally arise as to the meaning of the order, especially from the fact that defendants (as is ad *374 mitted) are previously described therein as “ the next of kin and distributees,” were it not for the controlling qualification and explanation of its meaning to wit: “ According to the provisions of the statute in that behalf in force at the time of his decease.” The statute referred to, as we have shown, gave the whole amount, subject to distribution, to the widow, plaintiff’s intestate.
Again, the only power to make the order in question, was conferred upon the probate court by the act defining its jurisdiction, passed March 14, 1853, in these words: “ To direct and control the conduct, and to settle the accounts of executors and administrators and to order the distribution of estates.”
It has been settled in Swearinger v. Morris, 14 Ohio St. 432, and Cox v. Johns, 32 Ohio St. 532, that the only order of distribution here authorized to be made, is a general order to the executor or administrator to distribute the funds remaining in his hands according to law. It thus appears that an order designating or naming the distributees is not authorized by law, and therefore would not debar any'one interested in the distribution from asserting his or her interest therein.
In construing this order it is our duty to put upon it such construction as will make it legal and effective, rather than one, which will render it illegal and void.
Applying these principles of construction, we are of opinion that the order of distribution under consideration is a general order, and that the phrase, “ next of kin and representatives of said intestate according to the provisions of the statute in that behalf in force at the time of his decease,” should be construed to mean such person or persons as may be entitled to receive the funds to be distributed.
The district court, therefore, erred in holding that the plaintiff had no interest in the order of distribution.
If, however, the construction we have placed upon this order, could not be maintained, we are quite clear that under the power conferred on probate courts to order the distribution of estates, above stated, there is no authority to designate, by name or otherwise, the persons entitled to take under the *375 order, and if such designation appear in the order it' must be ' as unauthorized and void.

Judgment reversed and cause remand J